No: 720

## HAAS v. BOARD OF EDUCATION

Ohio Appeals, 3rd District, Logan County

No. 685. Decided June 16, 1923

This opinion has not been published except in Abstract.

### 355. TAXATION.

Board of Education may issue bonds for school house without special election and exceed 15 mills limitation by amendment of 7630-1 GC.

CROW, J.

Epitomized Opinion

Action by tax payers of township rural school district to enjoin the levy and collection of a tax for the payment of bonds issued by the Board of Education to provide funds for the construction of a school house. The action was also to prohibit the further issue of bonds for the construction of another school house.

After a proposal by the School Board to issue bonds for two school houses was defeated at a special election, the Department of Industrial Relations by the Chief of Division of Factory Inspection condemned the use of the old school house, whereupon a special election defeated the proposal to issue bonds to rebuild the school house. The Board of Education then issued bonds for this purpose in the amount of $75,000 and sold them to the Industrial Commission. Judgment was rendered against the tax payers and on appeal they urged that the tax was a levy because it exceeded the limitation of 15 mills. They further contended that the orders were not issued by the Director of Industrial Relations, but by the Chief of Division of Factory Inspection, and were therefore invalid. In affirming the judgment, the Court of Appeals held:

1. The Board of Education did not abuse its discretion in determining the character of the improvements to be made and the amount of bonds to be issued. 99 OS. 369. The amendment of 8630-1 GC. (109 OL. 343) eliminating the provision for submission to the electors did not effect 5649-4 GC. and therefore the fact that the tax exceeds 15 mills does no invalidate it. There is no repeal by implication of 5649-4 GC. by amendment of 7630-1.

2. It is a rule of statutory interpretation that when there is no language to otherwise indicate, it must be presumed that in the enactment of statute the law-makers were conscious of and had in contemplated all existing statutes.

3. The fact that the orders were issued, not by the Director of the Industrial Commission, but by a chief of a division, does not invalidate it under our construction of 109 OL. 105.

Attorneys—Miller & Middleton, for Haas; Knepper & Wilcox, J. E. West, for Board of Education.

---

No. 721

## NORTON v. HENDERSON

Ohio Appeals, Allen County

No. 333. March 19, 1923

This opinion has not been published except in Abstract

### 373. VERDICT.

Motion for Directed Verdict—Motion must be made and exception taken—If trial proceded with without plaintiff entitled to benefit of defendant's evidence

CHITTENDEN, J.

Epitomized Opinion

Suit by Henderson on a written instrument executed by defendants, which was in substance as follows:

In consideration of Henderson transferring all his stock in the C company to the D company, we hereby agree to pay Henderson within thirty days the sum of $14,000, it being understood, etc.

Plaintiff proved the execution of the instrument its nonpayment, introduced it in evidence and rested Defendants moved for a directed verdict in their favor which the court denied. Defendants contend this was error because the instrument being non-negotiable did not import consideration and that plaintiff had not proved a case entitling him to judgment. The verdict and judgment were for plaintiff. Defendant brought error to this court. Held:

When at the conclusion of a plaintiff's evidence a motion is made by defendant for a directed verdict and such motion is overruled defendant has an election either to stand on the exception to the ruling on his motion and let judgment be entered accordingly, or to proceed to introduce their testimony and they did not renew their motion for a directed verdict at the close of all the evidence. They can not now urge that the trial court was in error refusing to direct a verdict at the close of plaintiff evidence.

Although a motion had been made at the conclusion of all the evidence plaintiff is then entitled to the benefit of any evidence adduced from defendant's witnesses that is favorable to his claim. Here that evidence reveals that plaintiff did transfer his stock and provide a valuable consideration for the instrument. Judgment affirmed.

Attorneys—Wheeler & Bentley, Stickle & Cessna and C. W. Faulkner, for defendants; Wm. H. Kling and Henderson & Durbin, for plaintiff.